UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLOTTE WILLIAMS,<br><br>         Plaintiffs,<br><br>v.<br><br>HARRY HECKEL AND THE VFK FAMILY LIMITED PARTNERSHIP, dba VILLA MOROCCO APARTMENTS, et al.,<br><br>         Defendants. | Case No.: 18-cv-0187 W (KSC)<br><br>**ORDER GRANTING MOTION TO PROCEED IFP [DOC. 2]** |

On January 26, 2018, Plaintiff Charlotte Williams ("Plaintiff") filed a complaint against Defendants for alleged housing discrimination. Along with the complaint, Plaintiff filed a motion to proceed in forma pauperis ("IFP") [Doc. 2].

**I. D**ISCUSSION

The determination of indigency falls within the district court's discretion. California Men's Colony v. Rowland, 939 F.2d 854, 858 (9th Cir. 1991), *reversed on other grounds*, 506 U.S. 194 (1993) ("Section 1915 typically requires the reviewing court

to exercise its sound discretion in determining whether the affiant has satisfied the statute's requirement of indigency.").

It is well-settled that a party need not be completely destitute to proceed in forma pauperis. Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 339-40 (1948). To satisfy the requirements of 28 U.S.C. § 1915(a), "an affidavit [of poverty] is sufficient which states that one cannot because of his poverty pay or give security for costs ... and still be able to provide himself and dependents with the necessities of life." Id. at 339. At the same time, however, "the same even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense, ... the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar." Temple v. Ellerthorpe, 586 F.Supp. 848, 850 (D.R.I. 1984).

District courts, therefore, tend to reject IFP applications where the applicant can pay the filing fee with acceptable sacrifice to other expenses. See, e.g., Stehouwer v. Hennessey, 851 F.Supp. 316, (N.D.Cal. 1994), *vacated in part on other grounds*, Olivares v. Marshall, 59 F.3d 109 (9th Cir. 1995) (finding that district court did not abuse discretion in requiring partial fee payment from prisoner with $14.61 monthly salary and $110 per month from family); Allen v. Kelly, 1995 WL 396860 at *2 (N.D. Cal. 1995) (Plaintiff initially permitted to proceed in forma pauperis, later required to pay $120 filing fee out of $900 settlement proceeds); Ali v. Cuyler, 547 F.Supp. 129, 130 (E.D. Pa. 1982) (in forma pauperis application denied: "plaintiff possessed savings of $450 and the magistrate correctly determined that this amount was more than sufficient to allow the plaintiff to pay the filing fee in this action."). Moreover, the facts as to the affiant's poverty must be stated "with some particularity, definiteness, and certainty." United States v. McQuade, 647 F.2d 938, 940 (9th Cir. 1981).

Having read and considered the papers submitted, the Court finds that based on the current record, Plaintiff meets the requirements for IFP status under 28 U.S.C. § 1915. According to her declaration, Plaintiff has a monthly income of $1,100, and monthly expenses of $810. (*IFP App.* [Doc. 2] ¶¶ 1, 8.) Her monthly income, however, are based

on what appear to be low estimates for such items as food, for which she only allocates $100 monthly. (*Id.* ¶ 8.) Additionally, according to her declaration, Plaintiff does not have any assets, and "struggles to pay bills every month" and has "no furniture in [her] home" because it was destroyed by "water and termite damage." (*Id.* ¶¶ 5, 11.) Therefore, Plaintiff's IFP motion will be granted.

## II. CONCLUSION & ORDER

For the reasons addressed above, the Court **GRANTS** Plaintiff's motion to proceed IFP [Doc. 2]. In light of the Court's ruling on the IFP motion, the Court orders as follows:

1. The United States Marshal shall serve a copy of the Complaint filed on January 26, 2018 and an accompanying summons upon Defendants as directed by Plaintiff on U.S. Marshal Form 285. All costs of service shall be advanced by the United States.
2. Defendants shall respond to the Complaint within the time provided by the applicable provisions of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

Dated: February 5, 2018

_____
Hon. Thomas J. Whelan
United States District Judge

3

18-cv-0187 W (KSC)